IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**GARY LEON WEBSTER**
**ADC #114018**                                                                                                    **PLAINTIFF**

v.                                              Case No.  4:22-cv-00073-KGB

**ZHENG-LI SHI,** *et al.*                                                                                       **DEFENDANTS**

## ORDER

Plaintiff Gary Webster filed a *pro se* complaint on January 26, 2022 (Dkt. No. 2).  Before the Court is Mr. Webster's application to proceed *in forma pauperis* (Dkt. No. 1).

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Prior to filing this lawsuit on January 26, 2022, Mr. Webster filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted.  *See Webster v. Does*, 3:19-CV-00059 DPM (E.D. Ark.); *Webster v. Pigg*, 3:19-CV-00060 DPM (E.D. Ark.); and *Webster v. Day Inn Motels, Inc., et al.*, 3:19-CV-00078 DPM (E.D. Ark.).  Nevertheless, Mr. Webster may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule.  *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

It appears Mr. Webster is suing Zheng-Li Shi, a virologist in Wuhan, China, for his involvement with Covid-19 (Dkt. No. 2 at 8) and the remaining defendants for creating vaccines that potentially can cause blood clots in people, like Mr. Webster, who have a particular blood type (*Id*. at 9). These allegations do not indicate that Mr. Webster is in imminent danger of serious physical injury. Thus, it would be futile to direct Mr. Webster to file an application to proceed *in forma pauperis*. Accordingly, this case will be dismissed due to Mr. Webster's failure to pay the filing fee. Mr. Webster will have thirty (30) days to reopen this case by paying the $402 filing fee in full.

It is therefore ordered that:

1. Mr. Webster's motion to proceed *in forma pauperis* is denied (Dkt. No. 1).

2. Mr. Webster's motion for order is granted (Dkt. No. 4).

3. Mr. Webster's complaint is dismissed without prejudice.

4. Mr. Webster has thirty (30) days from the date of this order in which to reopen this case by paying the $402 filing fee in full.

5. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

It is so ordered this 16th day of March, 2022.

_____
Kristine G. Baker
United States District Judge